UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH

| | |
|---|---|
| Elena D. HOLGUIN, Johana Acosta HOLGUIN and Olivia HOLGUIN, | ) <br> ) <br> ) |
| | ) CIVIL ACTION NO. 4:23-cv-00196-Y |
| VS. | ) <br> ) |
| LEYTARVIS SMITH and INTEGRITY TRANS INC. | ) <br> ) |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Plaintiffs **ELENA D. HOLGUIN, JOHANA ACOSTA HOGUIN** and **OLIVIA HOLGUIN**, (hereinafter collectively referred to as "Plaintiffs"), and files this First Amended Complaint complaining of and about **LEYTARVIS SMITH** and **INTEGRITY TRANS INC.**, (hereinafter collectively referred to as "Defendants"), and for cause of action shows unto the Court the following:

### I. JURISDICTION

1. This is a personal injury lawsuit stemming from a motor vehicle collision. The Court does not have jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiffs and Defendant Smith are all citizens of Texas for jurisdictional purposes as all of them are domiciled in Texas.

### II. PARTIES

2. Plaintiff **ELENA D. HOLGUIN** is an individual and domiciled in Texas. Plaintiff Elena Holguin and resides in the City of Glenn Heights, Texas. Plaintiff Elena Holguin resides at

1505 HONEY TRAIL, GLEN HEIGHTS, TX 75154 and has resided at this home for approximately three and one-half (3 ½) years. For jurisdictional purposes, she is a citizen of Texas.

3. Plaintiff **JOHANA ACOSTA HOLGUIN** is an individual and a citizen of Texas. Plaintiff Johana Acosta Holguin resides in the City of Glenn Heights, Texas. Plaintiff Johana Holguin resides at 1516 KODIAK TRL., GLEN HEIGHTS, TX 75154 and has resided at this home for approximately seven (7) years. For jurisdictional purposes, she is a citizen of Texas.

4. Plaintiff **OLIVIA HOLGUIN** is an individual and a citizen of Texas. Plaintiff Olivia Holguin resides in the City of Glenn Heights, Texas. Plaintiff Olivia Holguin resides at 518 SMOKEY TRL., GLEN HEIGHTS, TX 75154 and has resided at this home for approximately seven (7) years. For jurisdictional purposes, she is a citizen of Texas.

5. Defendant **LEYTARVIS SMITH** ("Smith") is an individual and a citizen of Texas. Defendant Smith currently resides in Dallas County at 720 Rose Hill Lane, Cedar Hill, Texas 75104. Defendant Smith may be served with Plaintiffs' First Amended Complaint by certified mail return receipt requested to his current residence.

6. Based on information and belief, Defendant **INTEGRITY TRANS INC. ("Integrity Trans.")** is an entity based in the State of Ohio, is organized under the laws of the State of Ohio, conducts business in the State of Texas. Defendant Integrity Trans. was previously served with citation in the State court proceedings and has filed an appearance in this case by and through its counsel of record. Defendant Integrity Trans. will be served a copy of Plaintiffs' First Amended Complaint by and through its attorney of record in accordance with the Rules of Civil Procedure.

### III. FACTS

7. This lawsuit stems from a motor vehicle collision. The collision made the basis of this lawsuit occurred on or about April 16, 2021. The collision made the basis of this lawsuit occurred in Arlington, Tarrant County, Texas at approximately 3:30 p.m. The collision occurred at or near the intersection of S. Watson Road and E. Abram Street.

8. At the time of the collision, Plaintiff Elena Holguin operated her motor vehicle. Plaintiff Elena Holguin at all relevant times operated her motor vehicle in a safe and reasonable manner as an ordinary reasonable motorist would have under the same or similar circumstances. Meanwhile, Plaintiffs Olivia Holguin and Johana Acosta Holguin rode as passengers in the vehicle that Elena Holguin operated.

9. Plaintiffs' vehicle traveled southbound on S. Watson Road in Arlington, Texas. At the time of the collision, Plaintiffs traveled in the far-left lane. Plaintiffs were attempting to make a left turn onto eastbound Abram Street. This direction of travel would take the Plaintiffs underneath the overpass for Highway 360. The photograph below taken from Google Street View depicts the intersection looking back towards where the Plaintiffs were coming from which is southbound S. Watson Road. The Plaintiffs would have been in the far-left lane where the SUV is located in this picture.



10. At the same time, truck driver Defendant Smith also traveled southbound on S. Watson Road in Arlington, Texas. At the time of the collision made the basis of this lawsuit, Defendant Smith operated a tractor trailer that belonged to Defendant **Integrity Trans.** A photograph of the tractor-trailer that Defendant Smith operated his below:



11. Defendant Smith traveled in middle lane on southbound Watson Ave. From this middle lane, Defendant Smith attempted to make a left turn to travel underneath the overpass onto eastbound Abram Street. As Defendant Smith attempted to make the left turn onto Abram Street, Defendant Smith did not turn into the far lane. Rather, Defendant Smith's turn took the tractor-trailer into the direct path of the Plaintiffs' vehicle. The two photographs from Google Street View capture and depict a similar occurrence with a truck hauling a trailer turning from this same middle lane on S. Watson Road into the left lane as the truck driver attempted to make the left turn onto E. Abram Road just as Defendant Smith did.





12. Defendant Smith made an improper turn. Defendant Smith turned the tractor-trailer directly into the Plaintiffs' vehicle lane of travel causing a fairly violent collision. The photograph

below depicts the damage that Plaintiffs' vehicle sustained due to Defendant Smith turning into the lane of travel of the Plaintiffs.



## IV.   CAUSE OF ACTION DEFENDANT SMITH

### A. NEGLIGENCE

13.   Defendant Smith's actions in this case constitute negligence. Defendant Smith owed a duty of care to other motorists and/or members of the public when operating a motor vehicle. Defendant Smith failed to operate the tractor-trailer as a reasonable prudent motorist would have under the same or similar circumstances. As a motorist on the roadways and highways of the State of Texas, especially since Defendant Smith was a professional truck driver, Defendant Smith, knew and/or should have been aware of the dangers of failing to make a proper turn. Defendant Smith knew and/or should have known that if he turned the tractor-trailer too sharply, he would turn into the lane of travel that was designated for the left turn lane, which is the lane

where the Plaintiffs were traveling in.  Plaintiffs' injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

14. The negligent, careless and reckless disregard of duty of Defendant Smith consisted of, but is not limited to, the following acts and omissions:

   a. Failing to maintain his lane of travel.

   b. Turning the vehicle that he operated into the wrong lane of travel for the lane that he was in.

   c. Turning the vehicle that he operated into the left turn lane from the .

   d. Failing to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances.

   e. Failing to yield the right of way to other motorists as a person of prudent care would have done.

   f. Failing to turn his motor vehicle to the right in an effort to avoid the collision made the basis of this lawsuit.

   g. In that Defendant operated his vehicle onto Plaintiffs' lane of traffic.

   h. Failing to maintain a clear and reasonable distance between the motor vehicle that he operated and Plaintiffs' vehicle which would have permitted Defendant turn safely without colliding into Plaintiffs' motor vehicle.

   i. Failing to keep such distance away from Plaintiffs' motor vehicle as a person using ordinary prudent care would have done.

j. In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances which prevented him from safely completing the left turn.

k. Failing to apply the brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question.

l. Failing to operate his motor vehicle attentively.

m. Failing to control his motor vehicle and allowing the motor vehicle that he operated to strike another vehicle.

n. Failing to maintain a proper lookout for other motorist on the road.

o. Failing to take appropriate and safe evasive action.

p. Driving the vehicle inattentively and/or distracted at the time or immediately before this accident.

15. Each of the foregoing acts and/or omissions was a separate and distinct act of negligence, and each was a direct and proximate cause of the injuries and damages suffered by Plaintiffs as described herein below. The negligence of Defendant Smith proximately caused the injuries and damages that Plaintiffs suffered and are complained of herein.

### B. NEGLIGENCE PER SE

16. Plaintiffs would further show that the actions of Defendant Smith constitutes negligence *per se* as a matter of law. Defendant Smith's actions violated the provisions of the Texas Civil Statutes and specifically the Texas Transportation Code. The Texas Legislature enacted these statutes to protect members of the public, such as Plaintiffs. The Defendant's violation of these statues proximately caused the occurrence in questions.

17. Defendant Smith violated Texas Transportation Code Section 545.101. Texas Transportation Code Section 545.101 reads in pertinent part reads as follows:

Sec. 545.101. Turning at Intersection.

* * *

(b)  To make a left turn at an intersection, an operator shall:

(1)  approach the intersection in the extreme left-hand lane lawfully available to a vehicle moving in the direction of the vehicle; and

***(2)  after entering the intersection, turn left, leaving the intersection so as to arrive in a lane lawfully available to traffic moving in the direction of the vehicle on the roadway being entered.***

Tex. Transp. Code § 545.101 (emphasis and underline added).

18. Defendant Smith also violated Texas Transportation Code Section 545.060. Texas Transportation Code Section 545.060 reads in pertinent part reads as follows:

Sec. 545.060.  DRIVING ON ROADWAY LANED FOR TRAFFIC.

(a)  An operator on a roadway divided into two or more clearly marked lanes for traffic:

(1)  shall drive as nearly as practical entirely within a single lane; and

(2)  may not move from the lane unless that movement can be made safely.

Tex. Transp. Code § 545.060.

19. Defendant Smith also violated Texas Transportation Code Section 545.104. Texas Transportation Code Section 545.104 reads in pertinent part reads as follows:

Sec. 545.104.  SIGNALING TURNS; USE OF TURN SIGNALS.

(a) An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.

(b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

(c) An operator may not light the signals on only one side of the vehicle on a parked or disabled vehicle or use the signals as a courtesy or "do pass" signal to the operator of another vehicle approaching from the rear.

Tex. Transp. Code § 545.104.

### V. PLAINTIFFS' CLAIM AGAINST INTEGRITY TRANS INC. - RESPONDEAT SUPERIOR

20. Plaintiffs adopt and re-allege the preceding paragraphs of this Complaint. At the time of the occurrence of the act in question and immediately prior thereto Defendant Smith was the agent, servant and/or employee of Defendant **Integrity Trans.** and was acting within the course and scope of his employment as an agent, servant and/or employee of Defendant **Integrity Trans.**

21. At the time of the occurrence of the motor vehicle collision in question and immediately prior thereto, Defendant Smith was engaged in the furtherance of Defendant **Integrity Trans.'s** business. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Smith was engaged in accomplishing a task for which **Integrity Trans.** employed Defendant Smith. Defendant Smith operated the truck involved in this collision with the knowledge, consent, and actual permission and/or implied permission of his employer/agent. Therefore, Plaintiffs invoke the doctrine of r*espondeat superior* as against Defendant **Integrity Trans.**

because the negligence of an employee, agent, and/or representative of Defendant **Integrity Trans.,** was a proximate cause of the collision and damages described herein**.**

## VI. PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST INTEGRITY TRANS INC.

22. Plaintiffs adopt and re-allege the preceding paragraphs of this Complaint. At the time of this accident, **INTEGRITY TRANS INC.,** was negligent in various acts and omissions, including the following, said negligence being a proximate cause of the collision in question, to wit:

   a. In the hiring of Defendant, **LEYTARVIS SMITH**;

   b. In failing to properly investigate Defendant, **LEYTARVIS SMITH**'s driving ability, prior employment history and driving record;

   c. In failing to properly train Defendant, **LEYTARVIS SMITH**, to drive in a safe and prudent manner;

   d. In failing to properly supervise Defendant, **LEYTARVIS SMITH**, to ensure that he would operate Defendant's vehicle in a safe and prudent manner;

   e. In failing to make a prudent inquiry into the driving competency of Defendant, **LEYTARVIS SMITH**;

   f. In failing to implement and enforce safety policies and procedures;

   g. In allowing Defendant, **LEYTARVIS SMITH**, to operate a commercial motor vehicle without the proper training and/or licensing as required by State and Federal Law; and

   h. In failing to keep the vehicle being driven by Defendant, **LEYTARVIS SMITH**, in a safe and workman like condition.

23. Each and all of the above foregoing acts, both of omission and commission, were negligent and constituted negligence, and were each an all, independently and/or concurrently the

sole proximate cause of the collision and damages made the basis of this suit each was a direct and proximate cause of the injuries and damages suffered by the Plaintiffs as described herein.

### VII. DAMAGES FOR PLAINTIFF, ELENA D. HOLGUIN

24. Plaintiff adopts and re-allege the preceding paragraphs of this Complaint. The evidence will show that as a result of the Defendants, **LEYTARVIS SMITH AND INTEGRITY TRANS INC.,** negligent acts and/or omissions, the Plaintiff, **ELENA D. HOLGUIN** sustained serious bodily injuries which required extensive medical treatment. As a result of those injuries, Plaintiff has incurred damages. These elements to be considered separately and individually are as follows:

   a. The amount of <u>reasonable medical expenses</u> incurred in the treatment of Plaintiff's injuries from the date of the incident in question up to the time of trial;

   b. The reasonable value of <u>medical expenses</u> that will necessarily be incurred in the treatment of the Plaintiff's injuries in the future beyond the time of trial;

   c. The <u>physical pain and suffering</u> that the Plaintiff felt from the date of the incident in question up to the time of trial;

   d. The <u>physical pain and suffering</u> that the Plaintiff will feel in the future beyond the time of trial;

   e. The <u>mental anguish</u> that the Plaintiff suffered from the date of the occurrence in question up to the time of trial;

   f. The <u>mental anguish</u> that the Plaintiff will suffer in the future beyond the time of trial;

   g. The damages resulting from the <u>physical impairment</u> suffered by the Plaintiff and the resulting inability to do those things that the Plaintiff ordinarily would have been able to do from the date of the incident up

to the time of trial;

h. The damages resulting from the physical impairment that the Plaintiff will continue to suffer in the future and the resulting inability to do those things that the Plaintiff would ordinarily have been able to perform in the future beyond the time of trial;

i. The property damaged resulting from this accident.

## VIII. DAMAGES FOR PLAINTIFF, JOHANA ACOSTA HOLGUIN

25. Plaintiff adopts and re-allege the preceding paragraphs of this Complaint. The evidence will show that as a result of the Defendants, **LEYTARVIS SMITH AND INTEGRITY TRANS INC.,** negligent acts and/or omissions, the Plaintiff, **JOHANA ACOSTA HOLGUIN** sustained serious bodily injuries which required extensive medical treatment. As a result of those injuries, Plaintiff has incurred damages. These elements to be considered separately and individually are as follows:

a. The amount of reasonable medical expenses incurred in the treatment of Plaintiff's injuries from the date of the incident in question up to the time of trial;

b. The reasonable value of medical expenses that will necessarily be incurred in the treatment of the Plaintiff's injuries in the future beyond the time of trial;

c. The physical pain and suffering that the Plaintiff felt from the date of the incident in question up to the time of trial;

d. The physical pain and suffering that the Plaintiff will feel in the future beyond the time of trial;

e. The mental anguish that the Plaintiff suffered from the date of the occurrence in question up to the time of trial;

f.  The <u>mental anguish</u> that the Plaintiff will suffer in the future beyond the time of trial;

g.  The damages resulting from the <u>physical impairment</u> suffered by the Plaintiff and the resulting inability to do those things that the Plaintiff ordinarily would have been able to do from the date of the incident up to the time of trial;

h.  The damages resulting from the <u>physical impairment</u> that the Plaintiff will continue to suffer in the future and the resulting inability to do those things that the Plaintiff would ordinarily have been able to perform in the future beyond the time of trial;

## IX. DAMAGES FOR PLAINTIFF, OLIVIA HOLGUIN

26. Plaintiff adopts and re-allege the preceding paragraphs of this Complaint. The evidence will show that as a result of the Defendants, **LEYTARVIS SMITH AND INTEGRITY TRANS INC.,** negligent acts and/or omissions, the Plaintiff, **OLIVIA HOLGUIN** sustained serious bodily injuries which required extensive medical treatment. As a result of those injuries, Plaintiff has incurred damages. These elements to be considered separately and individually are as follows:

a.  The amount of <u>reasonable medical expenses</u> incurred in the treatment of Plaintiff's injuries from the date of the incident in question up to the time of trial;

b.  The reasonable value of <u>medical expenses</u> that will necessarily be incurred in the treatment of the Plaintiff's injuries in the future beyond the time of trial;

c.  The <u>physical pain and suffering</u> that the Plaintiff felt from the date of the incident in question up to the time of trial;

d.  The <u>physical pain and suffering</u> that the Plaintiff will feel in the future

beyond the time of trial;

e. The <u>mental anguish</u> that the Plaintiff suffered from the date of the occurrence in question up to the time of trial;

f. The <u>mental anguish</u> that the Plaintiff will suffer in the future beyond the time of trial;

g. The damages resulting from the <u>physical impairment</u> suffered by the Plaintiff and the resulting inability to do those things that the Plaintiff ordinarily would have been able to do from the date of the incident up to the time of trial;

h. The damages resulting from the <u>physical impairment</u> that the Plaintiff will continue to suffer in the future and the resulting inability to do those things that the Plaintiff would ordinarily have been able to perform in the future beyond the time of trial;

# **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, **PLAINTIFFS** respectfully prays that upon a final hearing of the cause, judgment be entered for the **PLAINTIFFS** against **DEFENDANTS** for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF JEREMY W. MCKEY, PLLC
5899 Preston Road, Suite 203
Frisco, Texas 75034
Telephone: (214) 855-8788
Facsimile: (888) 638-1552
Email: eservicejmckeylawfirm@gmail.com

                                                Jeremy W. McKey
                                                State Bar No. 24053353
                                                **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on March 28, 2023 a true and correct copy of the foregoing was forwarded to the following parties:

***Via E-Service***
Xray2alpha@aol.com
Michael T. Conway
Michael T. Conway and Company
3456 Sandlewood Drive
Brunswick, Ohio 44212
*Attorneys for Defendant*


***Via Certified Mail***
Leytarvis Smith
720 Rose Hill Ln.
Cedar Hill, Texas 75104


                                                */s/ Jeremy McKey*
                                                Jeremy McKey